11 CIV 5519

Ralph M. Stone
Susan M. Davies
STONE BONNER & ROCCO LLP
260 Madison Avenue, 17th Floor
New York, NY 10016
Tel. (212) 239-4340
Fax (212) 239-4310

*Attorneys for Plaintiffs*



RECEIVED
AUG 9 2011
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZAYN JETHA and DONALD WHELAN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>FILCO LTD., FULL TILT POKER, INC., FULL TILT POKER LTD., ORINIC LTD., OXALIC LTD., TILTWARE LLC, VANTAGE LTD., HOWARD LEDERER, RAYMOND BITAR, NELSON BURTNICK and JOHN DOES 1-25;<br><br>        Defendants. | CIV. ACTION NO.:<br><br>CLASS ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Zayn Jetha and Donald Whelan (together, "Plaintiffs"), individually and on behalf of all others similarly situated, for this Complaint against the Defendants, allege upon information and belief as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and class members are dispersed throughout the United States and any member of the class of plaintiffs is a citizen of a State different from any defendant.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), because a substantial part of the property that is the subject of the action is situated in this District. A civil forfeiture action is pending in this District as well.

## PARTIES

3. Plaintiff Zayn Jetha is a citizen of Quebec, Canada.

4. Plaintiff Donald Whelan is a citizen of Ontario, Canada.

5. As further set forth below, Plaintiffs bring this action in an individual and representative capacity on behalf of a proposed class of all persons who maintained accounts with Full Tilt Poker, Ltd. or one of its affiliated entities as of April 15, 2011, and who have not been paid back any or a portion of the balance of such accounts as of July 1, 2011.

6. Full Tilt Poker, Ltd. ("FTPL") is a corporate person that, along with defendants Tiltware LLC, Full Tilt Poker, Inc., Filco Ltd., Orinic Ltd., Oxalic Ltd. and Vantage Ltd., and various other entities, conducts business under the name Full Tilt Poker ("Full Tilt").

7. Defendant Tiltware LLC ("Tiltware") is a corporate person and the exclusive poker software developer and licensor for Full Tilt. Tiltware is also the Full Tilt marketing wing, and is headquartered and registered at all relevant time(s) in California. Tiltware is the parent company of Pocket Kings Ltd., Pocket Kings Consulting Ltd., Filco Ltd., and various other Full Tilt companies.

8. Defendant Full Tilt Poker, Inc. ("FTPI") is a corporate person that provides online virtual poker games, as well as video tutorials, poker lessons, and other strategies to learn how to play poker. FTPI also sells tickets to poker tournaments, branded apparel and other products, toys, and games through the website www.FullTiltPoker.com. FTPI is an alter ego of Tiltware, and is headquartered at all relevant time(s) in California at the same address at Tiltware.

9. Defendant Filco Ltd**.** ("Filco"), is a corporate person that holds or held, at all or some relevant time(s), the "eGambling" license issued by the Alderney Gambling Control Commission. Filco is an alter ego of FTPL. Filco is related to Pocket Kings Ltd., among others, and Filco's corporate parent is Tiltware. As a licensee of the Alderney Gambling Control Commission, Filco is licensed, on behalf of Full Tilt, to register new customers, accept deposits from new and existing customers, permit withdrawal of funds by existing customers and permit participation by customers in gambling transactions and game play.

10. Defendant Orinic Ltd. ("Orinic"), is a corporate person that holds or held, at all or some relevant time(s), the "eGambling" license issued by the Alderney Gambling Control Commission. Orinic is an alter ego of FTPL. As a licensee of the Alderney Gambling Control Commission, Orinic is licensed, on behalf of Full Tilt, to register new customers, accept deposits from new and existing customers, permit withdrawal of funds by existing customers and permit participation by customers in gambling transactions and game play.

3

11. Defendant Oxalic Ltd. ("Oxalic"), is a corporate person that holds or held, at all or some relevant time(s), the "eGambling" license issued by the Alderney Gambling Control Commission. Oxalic is an alter ego of FTPL. As a licensee of the Alderney Gambling Control Commission, Oxalic is licensed, on behalf of Full Tilt, to register new customers, accept deposits from new and existing customers, permit withdrawal of funds by existing customers and permit participation by customers in gambling transactions and game play.

12. Defendant Vantage, Ltd. ("Vantage"), is a corporate person registered in Alderney, in the Channel Islands, with which users of the Full Tilt website, including, specifically, persons situated in North America, enter into an End User License Agreement. That Agreement provides that users who are situated in North America can download the proprietary gaming software needed to participate in poker tournaments and to play online interactive games of poker for real money at www.FullTiltPoker.com. Vantage is the corporate entity through which North American player funds were purportedly held. Vantage is an alter ego of FTPL. Vantage is a licensee of the Alderney Gambling Control Commission, licensed, on behalf of Full Tilt, to register new customers, accept deposits from new and existing customers, permit withdrawal of funds by existing customers and permit participation by customers in gambling transactions and game play.

13. Defendant Howard Lederer ("Lederer") is a citizen of the State of Nevada. He is and at all relevant times was a major shareholder and director of, and/or a participant in, one or more entities operating under the Full Tilt umbrella ("Full Tilt Companies"). Lederer is also a founder and creator of the Full Tilt Poker site and brand, and is or was President of Tiltware LLC, the software developer and licensor of the proprietary Full Tilt Poker software. Lederer is and at all relevant times was able to control the financial affairs of FTPL and its various entities,

and he is capable of causing FTPL and its related companies to fulfill their obligations to players seeking the return of funds they have placed in the care of FTPL.

14.     Defendant Raymond Bitar ("Bitar") is a citizen of the State of California.  Bitar is and at all relevant times was a major shareholder and director of Full Tilt and/or one or more of the many companies utilizing the "Full Tilt" DBA and under which player money was maintained.  Bitar is and/or was CEO of Tiltware LLC since its founding in 2003 and Bitar is one of only two directors of Tiltware LLC.  Bitar is a fugitive of justice, and there is a warrant out for his arrest.  Bitar is and at all relevant times was able to control the financial affairs of FTPL and its various entities, and he is capable of causing FTPL and its related companies to fulfill their obligations to players seeking the return of funds they have placed in the care of FTPL.

15.     Defendant Nelson Burtnick ("Burtnick") is a citizen of Ireland, and is and/or was, starting in 2009, an employee of Full Tilt and the head of the payment processing department for Full Tilt.  A warrant for Burtnick's arrest, in connection with the Department of Justice's ongoing prosecution of racketeering activity by individuals associated with Full Tilt, was issued on or about April 15, 2011.  Since that date, Burtnick has not entered the United States.  Burtnick is and at all relevant times was able to control the financial affairs of FTPL and its various entities, and he is capable of causing FTPL and its related companies to fulfill their obligations to players seeking the return of funds they have placed in the care of FTPL.

16.     Defendants John Does, 1-25 ("John Doe(s)") are entities and/or persons associated with Full Tilt and/or are Full Tilt Companies.  The identities of these defendants are currently unknown to Plaintiffs.  Once their identities are ascertained, Plaintiffs will seek leave to join them under their true names.

**FACTUAL ALLEGATIONS**

17. Plaintiffs are "real-money" internet poker players who held purported accounts ("Player Accounts") on April 15, 2011, with the Full Tilt Poker internet gambling operation and whose requests and demands for return of funds have not been timely fulfilled. Pursuant to contract and the ordinary business practices of FTBL, and in conformity with standard industry practices, Plaintiffs could deposit funds into their supposed Player Accounts at any time and could withdraw said funds upon demand.

18. FTPL and the other defendants did not formally segregate the Player Account funds from other business funds, although individual Player Account "balances" were provided online by FTPL and the other defendants.

19. Commencing on or about April 15, 2011, purported Player Accounts have been frozen by Full Tilt. Plaintiffs have been denied access to their funds.

20. Plaintiffs and members of the class have demanded—and hereby demand for themselves and all others similarly situated—that the funds in their purported accounts and in the purported accounts of all similarly situated persons be immediately returned to their rightful owners.

21. Defendants have refused to return any funds to Plaintiffs, in clear dereliction of their contractual and other obligations. Since May 2011, defendants have largely ignored Plaintiffs and the Class and have refused to acknowledge their demands.

22. On April 15, 2011, the U.S. Attorney for the Southern District of New York seized the assets of the "Big Three" internet poker companies operating in the United States (Full Tilt Poker, PokerStars, and Absolute Poker). Arrest warrants were issued for certain founders of these companies for, among other offenses, money laundering, conspiracy to commit wire fraud,

and conspiracy to commit bank fraud.  The Department of Justice also filed a civil suit against the three companies for money laundering and for in rem forfeiture of all assets and proceeds derived from the illegal acts in which these companies allegedly engaged.

23. On April 15th, 2011, known as "Black Friday" in the poker community, millions of U.S. residents held personal funds in individual, "secure" accounts with Full Tilt Poker.  "Full Tilt" is the umbrella entity behind the Full Tilt Poker website (www.FullTiltPoker.com), the Full Tilt Poker brand, the Full Tilt Team of professional poker players, and numerous companies and individuals that operate for and under the umbrella entity. Until April 15, U.S. customers regularly engaged in legal internet poker games for real-money, on the Full Tilt website, using Full Tilt software, and drawing on their Full Tilt accounts.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring each of the claims in this action on their own behalf and on behalf of a class of all persons similarly situated (the "Class") pursuant to Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure.

25. The Class definition is as follows:

All persons who maintained purported accounts with Full Tilt Companies as of April 15, 2011, and who have not been repaid any amount of such purported account as of July 1, 2011.

26. The Class is so numerous that joinder of all members is impractical.  It is estimated that over 1,000 such accounts amounting to over $150,000,000 are being held by the defendants.

27. There are questions of law and fact which are common to the Class which predominate over any questions affecting only individual members, including but not limited to:

   a. Whether defendants have breached their contracts with Plaintiffs and the other members of the Class;

  b. Whether defendants owed a fiduciary duty to return funds in the accounts of Plaintiffs and the other members of the Class in a timely manner and whether any such duty was breached;

  c. Whether defendants owe interest to Plaintiffs and the members of the Class;

  d. The amount of damages and the manner in which damages are calculated.

28. The representative party will fairly and adequately protect the interest of the class. Plaintiffs' claims are typical of the claims of the Class. All are based upon the same factual and legal theories. Plaintiffs have retained counsel who are competent and experienced in class action litigation.

29. A class action is a superior method for the fair and efficient adjudication of the controversy. The likelihood of individual recovery would not warrant a separate lawsuit due to the expensive nature of litigation, hiring experts, and retaining attorneys. Plaintiffs anticipate no difficulty in the management of this action as a class action.

## COUNT ONE
### Breach of Contract

30. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein. This Count is asserted against defendants Filco Ltd., Full Tilt Poker, Inc., Full Tilt Poker Ltd., Orinic Ltd., Oxalic Ltd., Tiltware LLC, Vantage Ltd. and certain of the John Doe defendants which are corporate entities through which the foregoing defendants conducted transactions with players, on behalf of Plaintiffs and the Class.

31. Pursuant to the contractual arrangement between Plaintiffs and the Class on the one hand and Full Tilt on the other hand, funds held on behalf of Plaintiffs and the Class in

purported accounts maintained by Full Tilt were required to be returned to Plaintiffs and the other Class members upon demand.  Plaintiffs have made such demands.

32. Defendants have not returned such funds in violation of the agreement to do so and in violation of the customary business practices in the industry.

33. As a result of the foregoing, defendants have breached their contracts with Plaintiffs and the other members of the Class.  Plaintiffs and the other members of the Class have suffered damages.

## COUNT TWO
## Breach of Fiduciary Duty

34. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein. This Count is asserted against all defendants, including certain corporate and individual John Doe defendants on behalf of Plaintiffs and the Class.

35. Purported accounts maintained by defendants on behalf of Plaintiffs and the members of the Class established a fiduciary relationship between defendants on one hand and Plaintiffs and the members of the class on the other hand.

36. By failing to return funds owed to Plaintiffs and the members of the Class, defendants have violated the fiduciary duties of loyalty and care owed to Plaintiffs and the members of the Class.

37. As a result of the foregoing breaches of fiduciary duties, Plaintiffs and the Class have suffered damages.

## COUNT THREE
## Aiding and Abetting Breaches of Fiduciary Duties

38. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein. This Count is asserted against defendants, including certain John Doe defendants, on behalf of Plaintiffs and the Class.

39. Each of defendants aided and/or abetted other defendants in breaching fiduciary duties owed to Plaintiffs and the Class.

40. As a result of the breaches of fiduciary duties and the aiding and abetting thereof, Plaintiffs and the members of the Class have suffered damages.

## PRAYER FOR RELIEF

WEREFORE, Plaintiffs requests of this Court the following relief, on behalf of themselves and all others similarly situated:

a. For an order certifying the Plaintiff Class as set forth herein, with Plaintiffs as the Class representatives and their counsel as Class counsel;

b. Awarding damages to Plaintiffs and the Class;

c. Awarding prejudgment interest from April 15, 2011 on all such monies owed to Plaintiffs and the Class;

d. Awarding punitive damages to Plaintiffs and the Class on the breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims;

e. An award of reasonable attorneys' fees, costs, and expenses; and

f. Such further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

Dated: August 9, 2011

Respectfully submitted,

STONE BONNER & ROCCO LLP

By: _____
Ralph M. Stone (rstone@lawssb.com)
Susan M. Davies (sdavies@lawssb.com)
260 Madison Avenue, 17th Floor
New York, New York 10016
Tel. 212.239.4340
Fax 212.239.4310
*Attorneys for Plaintiffs*

10